**Sparler License**

*Leo E. Gribbin, Jr.*, for appellant.

*Harry L. McNeal, Jr.*, for Commonwealth.

SHADLE, J., April 24, 1970.—This is an appeal from the suspension of appellant's operator's license. The parties agreed as to the facts, and submitted the case to the court on briefs raising the single issue of law hereinafter referred to.

Appellant was convicted of speeding on January 25, 1967, as a result of which six points were assigned to his driving record. He thereafter attended a driver improvement school as directed, whereupon his total points were reduced to five.

Appellant again was convicted of speeding on July 4, 1967, which resulted in the assignment of three additional points against him, making a total of eight points. He then was required by the secretary to take a special examination, which he did take but failed to pass. Thereupon he was assigned an additional five points, making a total of 13 points on his record, and his operator's license was suspended for a period of 60 days. It was from this suspension he appealed.

The pertinent provisions of The Vehicle Code of April 29, 1959, P. L. 58, are section 619.1, as added by the Act of January 24, 1966, P. L. (1965) 1497, sec. 2, 75 PS §619.1, and section 608, 75 PS §608. The former provides as follows:

"(g) When any person's record has been reduced below six (6) points and for the second time shows as many as six (6) points, the secretary shall require a special examination as provided in section 608(g) of this act . . . If such person fails to attend *and* satisfactorily complete the requirements of the examination . . . an additional five (5) points shall be assigned to his record and his operator's license

shall be suspended as provided in subsection (k) of this section." (Italics supplied.)

The special examination provision in section 608(g) is as follows:

"(g) The secretary may, in his discretion, require the special examination . . . of any operator, to determine incompetency, physical or mental disability or disease, or any other condition which might prevent such applicant from exercising reasonable and ordinary control over a motor vehicle . . ."

The sole difference between the parties is as to the language, ". . . fails to attend and satisfactorily complete the requirements of the examination . . ." in section 619.1(g). Appellant argues that suspension cannot occur unless an operator *both* fails to take *and* fails to pass the examination, and that since he here did take the examination, even though he failed it, both necessary prerequisites to suspension did not occur. The Commonwealth contends that either failure to attend or to pass the examination requires suspension.

Both parties devote considerable attention to whether the legislature by its ineptness intended the word "and" to have its conventional conjunctive meaning, or the disjunctive meaning of "or." While a number of cases and provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501, give support to both contentions, we believe such exercises in semantics are of less value than ascertainment of the ultimate objective of the legislature.

Section 608(g) makes clear that the purpose of the special examination is to determine whether an operator is competent to drive with reasonable and ordinary control. If appellant's contention were correct, a driver who underwent such examination, but failed or refused to perform any part of it, or who obviously

was physically or mentally totally incompetent to drive, could not be subject to suspension, simply because he did "attend" the examination. Since the ultimate objective obviously is to ascertain the competency of the driver, it is beyond question that a driver directed to take an examination for that purpose must have his license suspended if he *either* fails to take the examination at all, *or if,* having taken it, he fails to pass it.

Appellant makes passing reference to the fact that he received no formal notice that he had failed the examination or that the additional five points were assessed against him. There is nothing in the code requiring such notice, and he became aware of it on appeal, and any prior knowledge thereof would have been of no assistance to him in any event.

Appellant also points to the fact that the notice of suspension states as its basis not the failure to satisfactorily complete the special examination, but his conviction on August 6, 1967, of speeding on July 4, 1967. Although this point was not assigned by appellant for argument, this notice is, in fact, incorrect. However it also states the basis for suspension as the accumulation of 13 points, which did result from failure to pass the examination, and appellant was fully aware of the correct factual situation when the case was submitted to the court. While we could remand the case to the secretary for the purpose of giving appellant a proper notice, since two and one-half years now have elapsed since the cause for suspension occurred, we perceive no harm to appellant, and deem it necessary that this case now be finally disposed of.

## ORDER

And now, April 24, 1970, appellant's appeal is dismissed, and the action of the secretary suspending

his operator's license for a period of.60 days is affirmed. An exception is noted for appellant.